HALL, Judge,
concurring specially.
I agree that no incorrect information was given to the appellant by the police officer to induce the appellant to voluntarily accompany the officer to Manatee County.
When the appellant first encountered the officer, he was advised that the officer had a warrant for his arrest, and he then voluntarily agreed to accompany the officer to Manatee County; but thereafter, upon further consideration, he said no and asked what would happen if he refused. The officer advised the appellant that he would be arrested. He was further advised that it would be better for him if he voluntarily went with the officer. He then again agreed to go with the officer and did accompany the officer to Manatee County, where he was advised of his rights, after which he made the statements in question.
I am not willing to say that a police officer owes a duty to every suspect to advise him of the official arrest procedures that will be followed, beyond those required by Miranda, as a result of the suspect’s actions. Not advising a suspect of these procedures does not deny him his constitutional rights or result in an illegal arrest such as occurred in Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).